UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

    - v. -

BRIAN KOLFAGE,

    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

SECOND CONSENT PRELIMINARY ORDER OF FORFEITURE AS TO SPECIFIC PROPERTY

20 Cr. 412 (AT)

WHEREAS, on or about August 17, 2020, BRIAN KOLFAGE (the "Defendant"), among others, was charged in an Indictment, 20 Cr. 412 (AT) (the "Indictment"), with conspiracy to commit wire fraud, in violation of Title 18, United States Code, Section 1349 (Count One); and conspiracy to commit money laundering, in violation of Title 18, United States Code, Section 1956(h) (Count Two);

WHEREAS, the Indictment included a forfeiture allegation as to Count One of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), of any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offense charged in Count One of the Indictment, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count One of the Indictment and various specific property;

WHEREAS, on or about April 21, 2022, the Defendant pled guilty to Count One of the Indictment, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Count One of the Indictment;

WHEREAS, the Defendant hereby consents to the forfeiture to the United States of all of his right, title and interest in the following property:

a. $5,179.39 in United States currency in the Anedot, Inc. account, held in the name of WeBuildTheWall, Inc. (the "Anedot Account"); and

b. The real property located in Sunland Park, New Mexico, with the legal description as follows: a tract of land situated within the International Placer Claim No. 1162, Dona Ana County Parcel No. R16038822, Sections 15 and 16, Township 29 South, Range 4 East, New Mexico Principal Meridian, City of Sunland Park, Dona Ana County, New Mexico (the "Sunland Park Property");

(a. and b., collectively, the "Specific Property");

WHEREAS, Security First LLC is the titled owner for the Sunland Park Property;

WHEREAS, the Defendant is the sole member of Security First LLC;

WHEREAS, Security First, LLC has advised the Government of its potential interest in the Sunland Park Property;

WHEREAS, WeBuildTheWall, Inc. has advised the Government of its potential interest in the Specific Property;

WHEREAS, Security First LLC and WeBuildTheWall, Inc., consent to the forfeiture of the Specific Property and have agreed to not file a third-party petition in this case or make any other claim with respect to the Specific Property; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Damian Williams, United States Attorney, Assistant United States

Attorney, Robert B. Sobelman, of counsel, the Defendant, and his counsel, César de Castro, Esq., Security First LLC, and WeBuildTheWall, Inc. and its counsel, Justin Weddle, Esq., that:

1. As a result of the offense charged in Count One of the Indictment, to which the Defendant pled guilty, all of the Defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

2. Security First LLC and WeBuildTheWall, Inc. waive any notice requirements pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure and shall not file a petition asserting an interest in the ancillary proceeding in this case, or otherwise assert any claim to the Specific Property.

3. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Second Consent Preliminary Order of Forfeiture as to Specific Property is final as to the Defendant, BRIAN KOLFAGE, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

4. Upon entry of this Second Consent Preliminary Order of Forfeiture as to Specific Property, the United States (or its designee) is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

5. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty

(30) consecutive days. Any person, other than the Defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

6. The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

7. Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

8. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed. All Specific Property forfeited to the United States under a Final Order of Forfeiture shall be applied towards the satisfaction of the forfeiture money judgment in the amount of $17,872,106 entered against the Defendant in this case on April 22, 2022.

9. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed.

10.     Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

11.     The Court shall retain jurisdiction to enforce this Second Consent Preliminary Order of Forfeiture as to Specific Property, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

12. The signature page of this Second Consent Preliminary Order of Forfeiture as to Specific Property may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By: *Robert B. Sobelman*     8/30/2022
    ROBERT B. SOBELMAN     DATE
    Assistant United States Attorney

BRIAN KOLFAGE

By: *[signature]*     8-30-2022
    BRIAN KOLFAGE     DATE

By: *[signature]*     8-30-2022
    CÉSAR DE CASTRO, ESQ.     DATE
    Attorney for Defendant

SECURITY FIRST LLC

By: *[signature]*     8-30-2022
    BRIAN KOLFAGE     DATE

WEBUILDTHEWALL, INC.

By: *Justin S. Weddle*     August 30, 2022
    JUSTIN WEDDLE, ESQ.     DATE
    Attorney for WeBuildTheWall, Inc.

SO ORDERED:

*[signature]*     September 6, 2022
HONORABLE ANALISA TORRES     DATE
UNITED STATES DISTRICT JUDGE

New York, New York